# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

IN RE: CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.,

*Debtor*

UNITED STATES INTERNATIONAL DEVELOPMENT FINANCE CORPORATION,

*Plaintiff-Appellant*,

v.

CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.; ROBERT WAGSTAFF, Foreign Representative; AD HOC GROUP; TECHNICAL COMMITTEE,

*Defendants-Appellees*.

Appeal from the U.S. District Court for the District of Delaware,
No. 1:25-cv-00371-CFC, Hon. Colm F. Connolly

## PLAINTIFF-APPELLANT'S MOTION TO
## HOLD APPEAL IN ABEYANCE

Plaintiff-Appellant U.S. International Development Finance Corporation (DFC) respectfully requests that this case be placed in abeyance pending the resolution of foreign court proceedings that may moot or otherwise significantly affect this appeal.

1. This case concerns a U.S. bankruptcy court's authority to enforce nonconsensual third-party releases contained in foreign bankruptcy plans. Under Chapter 15 of the Bankruptcy Code, the debtor in a foreign bankruptcy proceeding may petition a U.S. court to recognize the proceeding and to enter limited relief in aid of that proceeding. *See* 11 U.S.C. § 1501 *et seq.* The foreign debtor here is Crédito Real, a Mexican financial institution. Among Crédito Real's creditors is DFC, "a wholly owned Government corporation" within "the executive branch." 22 U.S.C. § 9612(a).

A Mexican court approved a bankruptcy plan that includes a provision releasing the claims of certain creditors (including DFC) against certain other creditors and insiders at Crédito Real. *See In re Crédito Real, S.A.B. de C.V.*, 670 B.R. 150, 158 (Bankr. D. Del. 2025) (including a translation of the release). DFC did not consent to the release and has filed an appeal challenging it (and other aspects of the bankruptcy plan) in Mexican appellate court. *See Crédito Real, S.A.B. de C.V.*, in liquidation, Commercial Bankruptcy File No.: 819/2024 (Mexican Second Appellate Court for Civil and Administrative Matters and Specialized in Economic Competition, Broadcasting and Telecommunications of the First Circuit). The appeal was docketed on November 21, 2024; DFC filed its final brief on June 2, 2026; and any responses to that brief are due on June 25, 2026. The appellate court may rule any time after that.

After the Mexican court approved the bankruptcy plan, Crédito Real's representative filed a Chapter 15 petition asking the U.S. Bankruptcy Court for the District of Delaware to recognize the plan and enforce the nonconsensual third-party release. DFC objected to enforcement of the release, explaining that the Supreme Court has recently concluded that Chapter 11 of the Bankruptcy Code does not authorize such releases and that the Court's reasoning supports the same construction of Chapter 15. *See Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 227 (2024). Overruling DFC's objection, the bankruptcy court entered an order enforcing the nonconsensual third-party release, and the district court affirmed that decision. *See In re Crédito Real S.A.B de C.V.*, 677 B.R. 192 (D. Del. 2026). DFC then timely appealed to this Court. The Court has not issued a briefing schedule.

As the bankruptcy court recognized, DFC's Mexican appeal may moot or otherwise significantly affect this litigation. "[S]hould the Mexican appellate court determine that the Release is impermissible, the Release would become ineffective here." *In re Crédito Real*, 670 B.R. at 172 n.128. That would make it unnecessary for this Court to decide whether the bankruptcy court correctly enforced the release. And even if the Mexican appellate court does not invalidate the release altogether, it might "alter[]" it "as a result of the DFC's appeal." *Id.* Such an alteration could have a substantial bearing on the course of this litigation. In general, the more narrowly the nonconsensual third-party release is construed, the

3

more likely it is to comply with Chapter 15, which normally requires that relief protect "the interests of the creditors." 11 U.S.C. § 1521(a); *see id*. § 1507(b)(1), (2).

2. "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Exercise of such discretion is warranted here; the Court should hold this appeal in abeyance pending the outcome of DFC's appeal in Mexico of the Mexican bankruptcy plan.

An abeyance would promote judicial economy by ensuring that this Court does not reach an issue that will become moot if the Mexican appellate court invalidates the nonconsensual third-party release. Even if the Mexican appellate court does not invalidate the release, its construction of it could inform this Court's evaluation of the issues presented by this appeal. An abeyance would also allow DFC to consult with other interested components of the federal government—including components with expertise in bankruptcy law issues (such as the United States Trustee Program) and components whose claims may be affected by the nonconsensual third-party release—after the Mexican appellate court's ruling. If abeyance is granted, DFC proposes to submit status reports every 90 days and will

inform this Court within 14 business days of the Mexican appellate court's decision.

3. Counsel for Appellees Technical Committee and Debtor/Foreign Representative have indicated that they oppose the relief requested in this motion.

Dated: June 22, 2026

Respectfully submitted,

/s/ Joseph R Palmore

JOSEPH R. PALMORE
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
JPalmore@mofo.com

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE AND BAR MEMBERSHIP**

The foregoing filing complies with the relevant type-volume, typeface, and type style requirements of the Federal Rules of Appellate Procedure because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and includes 777 words, excluding the parts exempted by the Rules.

Pursuant to Local Appellate Rules 28.3(d) and 46.1(e), I hereby certify that I am an active member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

Dated:  June 22, 2026

/s/ Joseph R. Palmore
Joseph R. Palmore

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system on June 22, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 22, 2026

/s/ Joseph R. Palmore
Joseph R. Palmore