**No. 26-2356**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

IN RE: CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.,
*Debtor in a Foreign Proceeding.*

UNITED STATES INTERNATIONAL DEVELOPMENT FINANCE CORPORATION,
*Appellant,*
v.

CRÉDITO REAL, S.A.B. DE C.V., SOFOM, E.N.R.; ROBERT WAGSTAFF, Foreign Representative; AD HOC GROUP; TECHNICAL COMMITTEE,
*Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE,**
**No. 1:25-cv-00371-CFC, Hon. Colm F. Connolly**

# APPELLEE TECHNICAL COMMITTEE'S OBJECTION TO MOTION TO HOLD APPEAL IN ABEYANCE

CLEARY GOTTLIEB STEEN & HAMILTON LLP
David H. Botter
Luke A. Barefoot
Carina S. Wallance
One Liberty Plaza
New York, New York 10006
212-225-2000

POTTER ANDERSON & CORROON LLP
L. Katherine Good
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
302-984-6000

*Attorneys for Appellee Technical Committee*

Appellee Technical Committee (the "Technical Committee" or "Appellee") of the Irrevocable Trust of Administration and Source of Payment (the "Mexican Trust") hereby submits its response in opposition (the "Response") to the motion, D.I. 17 (the "Motion") of Appellant United States International Development Finance Corporation ("DFC" or the "Appellant") requesting that this case be placed in abeyance pending the resolution of foreign court proceedings. For the reasons set forth herein, the Court should deny the Motion.

**Procedural History**

On March 11, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued an order granting recognition (the "Recognition Order"), under Chapter 15 of the United States Bankruptcy Code (the "Bankruptcy Code"), to a foreign main proceeding in Mexico concerning Crédito Real, S.A.B. de C.V., SOFOM, E.N.R. ("Crédito Real" or the "Debtor") and giving full force and effect to the Debtor's *Concurso Restructuring Agreement Entered into by Crédito Real, S.A.B. de C.V., SOFOM, E.N.R., and the Participating Recognized Creditors, Pursuant to Title Five "Of the Conciliation", Sole Chapter "Adoption of the Agreement", Title Fourteen "Pre-Packed Bankruptcy Proceeding", and Other Related and Applicable Titles to the Bankruptcy Law [Ley de Concursos Mercantiles]* (the "Concurso Plan") approved on August 15, 2024 by the Concursos Federal First District Court with residence in Mexico City (the "Mexican Court"). *See In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.*, 670

B.R. 150, 159 (Bankr. D. Del. 2025). The Concurso Plan, and accompanying order approving the Concurso Plan, includes a release of certain claims against non-debtor third parties (the "Release"). DFC appealed the Recognition Order. On March 31, 2026, the United States District Court for the District of Delaware (the "District Court"), affirmed the Recognition Order holding that the Bankruptcy Court did not err in enforcing the Concurso Plan, including the Release. *See In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.*, 677 B.R. 192, 202, 205 (D. Del. 2026). DFC appealed the District Court's order, commencing this case. On June 22, 2026, DFC filed the Motion, seeking to hold this appeal in abeyance.

**Legal Standard**

The power to hold one case in abeyance of another is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Courts must "weigh competing interests and maintain an even balance" when determining whether to stay proceedings. *Landis*, 299 U.S. at 255.

## Argument

An abeyance would undermine judicial economy, serving only to prolong the appeal to the detriment of all other creditors. DFC's request for an abeyance is based on the supposition that it will succeed in its appeal pending before the Mexican appellate court. Alternatively, DFC argues that even if its appeal is unsuccessful, the Mexican appellate court's construction of the Release could be instructive to this Court. Neither argument provides a sound basis for this Court to hold this appeal in abeyance.

First, DFC argues that an abeyance would ensure that "this Court does not reach an issue that will become moot if the Mexican appellate court invalidates the nonconsensual third-party release." Mot. at 4. But DFC has not, and cannot, offer any evidence that its appeal is likely to succeed such that the Mexican appellate court will reverse as a matter of Mexican law. In fact, the opposite is true. As the Bankruptcy Court and District Court noted, third-party releases, such as the Release, are routinely granted by Mexican courts. *See In re Crédito Real*, 670 B.R. at 158 ("As written, the Release is customary in Mexican settlement agreements and is permitted under Mexican Bankruptcy Law.") (citing the Declaration of Juan Pablo Estrada Michel Pursuant to 28 U.S.C. § 1746 in Support of the Petitioner's Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Full Force and Effect to the Concurso Plan and Related Relief Pursuant to 11 U.S.C. §§ 105, 1507(a), 1509(b), 1515, 1517, 1520 and 1521 (the

"Estrada Dec."), *In re Credito Real, S.A.B de C.V., SOFOM, E.N.R.*, No. 25-10208-TMH (Bankr. D. Del Feb. 7, 2025), D.I. 3); *see also In re Crédito Real*, 677 B.R. at 197 ("The Release is customary in Mexican settlement agreements, such as the Concurso Plan, and is permitted under Mexican Bankruptcy Law.") (citing the Estrada Dec.).

As both the Bankruptcy Court and the District Court discussed, it is well-established that a bankruptcy court can enforce a nonconsensual third-party release in a foreign plan, such as the Release in the Concurso Plan. *See In re Crédito Real,* 677 B.R. at 205 ("It is well settled that U.S. bankruptcy courts can give effect to foreign orders in recognized foreign proceedings pursuant to the authority granted in Chapter 15, even when those orders contain relief unavailable under U.S. law"); *In re Crédito Real*, 670 B.R. at 174 ("Simply put, if permitting third-party releases is a policy decision that Congress can and has made, it cannot also be true that enforcing such releases where principles of cooperation and comity so require in chapter 15 would be 'manifestly contrary to the public policy of the United States.'"). Indeed, DFC cites to, and the Appellees are aware of, no published decisions holding to the contrary. Thus as a matter of both Mexican and U.S. bankruptcy law, DFC's appeal is unlikely to be successful.

Second, and contrary to DFC's assertions, an abeyance here would only work to prejudice and harm all other creditors by further delaying the dissolution of the Mexican Trust, creating unnecessary costs and expenses to maintain the

trust. The Concurso Plan was not stayed in Mexico pending the appeal thereof. *See In re Crédito Real*, 670 B.R. at 158–59 ("The Concurso Order has not been subject to a stay in Mexico, so it remains in effect and is enforceable under Mexican law"). In light of that, and in accordance with the Concurso Plan and Recognition Order, Crédito Real began transferring all its assets to the Mexican Trust shortly after the Recognition Order was entered. The ultimate objective of the Mexican Trust, and the Concurso Plan, was to liquidate all of the Debtor's assets and distribute the proceeds therefrom to benefit Crédito Real's recognized creditors. DFC's request for an abeyance serves to only further delay the dissolution of the Mexican Trust while it lodges appeals in Mexico and the U.S., neither of which are supported by the weight of well-established law in either jurisdiction on the issues on appeal. Permitting an abeyance of this appeal would thus serve only to delay dissolution of the Mexican Trust at a cost to all other creditors.

*[Remainder of Page Intentionally Left Blank]*

## Conclusion

For the reasons set forth above, Appellee Technical Committee respectfully requests that the Court deny the Motion.

Respectfully submitted,

By: */s/ L. Katherine Good*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
David H. Botter
Luke A. Barefoot
Carina S. Wallance
One Liberty Plaza
New York, New York 10006
212-225-2000

*Attorneys for Appellee Technical Committee*

-and-

POTTER ANDERSON & CORROON LLP
L. Katherine Good
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
302-984-6000

## CERTIFICATE OF COMPLIANCE AND BAR MEMBERSHIP

The foregoing filing complies with the relevant type-volume, typeface, and type style requirements of the Federal Rules of Appellate Procedure because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and includes 1,181 words, excluding the parts exempted by the Rules.

Pursuant to Local Appellate Rules 28.3(d) and 46.1(e), I hereby certify that I am an active member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

Dated: July 2, 2026

/s/ *L. Katherine Good*
L. Katherine Good

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system on July 2, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 2, 2026

/s/ *L. Katherine Good*
L. Katherine Good